## RILEY *v.* THE STATE.

No. 10673.   AUGUST 8, 1935.

*R. G. Turner, Mack G. Hicks,* and *John McKinley,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens, B. D. Murphy,* and *J. T. Goree,* contra.

HUTCHESON, Justice. Robert Riley was convicted of murder, and was sentenced to death. His motion for new trial was overruled, and he excepted.

Three questions are presented to this court for consideration. Error is assigned: (1) Upon the admission in evidence, over objection, of certain testimony of R. E. Lee, it being contended that this testimony was inadmissible because of the relation or anticipated relation of attorney and client. (2) Upon the admission in evidence of a confession of the defendant, it being contended that such confession was not admissible, because it was sworn to. (3) Upon the ground that the verdict is contrary to law.

■ It seems from the evidence that Max Sjoblom was in his automobile in the City of Atlanta when it was entered simultaneously by this defendant and another, and that Sjoblom was shot to death. An attorney, R. E. Lee, testified that he went to see the mother of the defendant in anticipation of being employed as counsel for the defense. His employment as counsel did not take place. On a second visit which he made to the mother he was handed a pistol and a watch, "with instructions from the mother to deliver them to Sergeant McCrary of the Police Department." It will be noted that nothing of a confidential nature was told him, and the articles given him were for delivery to the police department. "Communications made by a client to an attorney, for the purpose of being imparted by him to others, do not fall within the inhibitions of the law that render an attorney as a witness incompetent to testify to statements or disclosures made to him by his client." *Fowler* v. *Sheridan,* 157 *Ga.* 271 (121 S. E. 308); *Richards* v. *Smith,* 173 *Ga.* 424 (160 S. E. 608). So, regardless of any anticipated relationship of attorney and client, the admission of the testimony was not erroneous.

■ The evidence does not show that the confession was not freely and voluntarily made, but after it was made it was sworn to by the defendant before a notary public, and it was objected to on this ground. We are familiar with the ruling of this court in *Adams* v. *State,* 129 *Ga.* 248 (58 S. E. 822, 17 L. R. A. (N. S.) 468, 12 Ann. Cas. 158); but in that decision appears the following: "The administration of an oath alone may not render a confession voluntarily made inadmissible on a subsequent trial." Further, the facts in that case differ widely from those in the case at bar. This principle of law has been before the courts of other States. In Harshaw v. State, 94 Ark. 343 (127 S. W. 745), it was said: "A confession reduced to writing by a justice of the peace and sworn to by accused is admissible in evidence, when made freely and voluntarily." In Com. v. Spardute, 278 Pa. 237 (122 Atl. 161), it was held: "The fact that one accused of murder, while in custody, makes a sworn statement constituting a confession does not invalidate it." In Pierce v. State, 90 Tex. Cr. 302 (234 S. W. 537), it was held: "Where defendant's statement, made in examining court while under arrest, contains all the req-

uisites of a confession, . . it is not rendered inadmissible by the fact that it is sworn to." The decisions of this State, as well as those of other States, are in unison upon this question; and the judge committed no error in allowing the evidence.

■ The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., concurs specially.