**STATE of Missouri, Respondent,**

v.

**Leroy REYNOLDS, Appellant.**

**No. 59687.**

Supreme Court of Missouri,
En Banc.

April 14, 1978.

Douglas N. Merritt, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Carson Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Leroy Reynolds, was convicted of sodomy by a jury in the Circuit Court of Jackson County and was sentenced to twenty years imprisonment. Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court.

■ Appellant alleges that the trial court erred in refusing to strike the jury panel because the panel was drawn in a manner which systematically excluded women from jury service, thereby denying appellant a panel drawn from a cross-section of the community. This point, which placed jurisdiction of this cause in this Court, has been ruled adversely to appellant in *State v. Duren*, 556 S.W.2d 11 (Mo.banc 1977).

■ Of the remaining assignments of error, one is dispositive of this case. Appel-

lant contends that the trial court erred by permitting the prosecuting attorney to call defense counsel as a witness, thereby depriving appellant of counsel during this period and forcing defense counsel to testify against his client.

Defense counsel was called by the State as its first rebuttal witness. Counsel was not notified ahead of time that he would be called by the prosecution. The purpose of the prosecution in calling defense counsel was to refute testimony by the appellant that he had requested a polygraph test but had been denied one by the State.

Defense counsel was initially asked if he recalled being in the prosecutor's office on the previous Monday afternoon. Counsel replied that he refused to answer any questions concerning his association with the case on the basis of attorney-client privilege unless his client chose to waive the privilege. Appellant declined to make a waiver, and the court ruled that no privilege existed as to the subject matter elicited by the examination. Defense counsel continued to refuse to answer questions, and the court instructed him to answer on pain of contempt.

Defense counsel testified that seven people were present at a meeting held on the Monday afternoon prior to trial in the prosecutor's office. These people included the prosecutor, defense counsel, appellant, an inmate and guard from the Jackson County Jail, and a member of the prosecutor's staff. Defense counsel testified that at this meeting an understanding was reached that the prosecutor would arrange for a polygraph examination to be given to both the victim and the appellant. If the victim refused to take the test or failed it, charges would be dismissed. Likewise, if appellant passed the test, the charges would be dismissed. The issue of whether perjury charges would be filed against the victim if he failed the examination was left unsettled. Defense counsel stated that he telephoned the prosecutor the following day and informed him that his client refused to take the test unless the prosecutor would promise that perjury charges would be filed

against the victim. Counsel then stated that after he informed the prosecutor about his client's further demand, "the bargain fell away."

Art. I, § 18(a), Mo.Const., provides in part that "in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel . . . ." In *State v. Livingston*, 30 Ohio App.2d 232, 59 Ohio Ops.2d 364, 285 N.E.2d 75 (1972), a similar constitutional provision of the Ohio constitution was construed to confer the right on a defendant to consult with his counsel at all times during trial and to be represented by counsel during the entire trial. Denial of this right by the calling of defense counsel as a prosecution witness over objection and without previous notice was held to be reversible error when defense counsel's testimony established an element of the crime charged.

In *People v. Lathrom*, 192 Cal.App.2d 216, 13 Cal.Rptr. 325 (1961), defense counsel was called as a witness by the prosecution, without prior notice, and was required to testify in regard to other litigation in which his client was involved to help establish motive for an alleged arson. Defendant's conviction was reversed on appeal on the basis that he was denied his constitutional right to "appear and defend, in person and with counsel." The court noted the many problems which occur when defense counsel is called on to testify for the prosecution:

"The impossibility of defendant's being able to consult with his attorney, to talk with him during the presentation of the evidence in question as contemplated in our system of administering justice is apparent. Furthermore, the impossibility of one person's being able at one time to protect the record of the defendant . . . and at the same time to keep in mind what questions should ultimately be asked of himself on cross-examination, and finally during all of the time to conduct himself before the jury as a witness for the prosecution and simultaneously as counsellor for the defendant, appears obvious. There was no opportunity for the defendant to call attention to any possi-

ble inaccuracy in the testimony of the witness or to suggest proper questions on cross-examination. A most important and perhaps devastating impression was being made upon the jury." *Id.*, 13 Cal. Rptr. at 332.

The court noted in *Lathrom* that there was no *necessity* for calling defense counsel, and that the files about which he testified were public record.

In *State v. Sullivan*, 60 Wash.2d 214, 373 P.2d 474 (1962), defense counsel was called on prior notice to testify for the prosecution about communications between counsel and his client and about the search for and identification of evidence. Counsel's testimony regarding the evidence was cumulative of the testimony of other witnesses. Although the case was decided on another ground, the court discussed the propriety of defense counsel's being called to testify for the prosecution. The court noted that the use of defense counsel as a prosecution witness may invade the defendant's right to complete an unhampered representation. Balanced against this right is the possibility that defense counsel's testimony may be necessary for the State to prove its case. In *Sullivan*, since defense counsel's testimony was repetitious, the court noted that the balance was in defendant's favor and that counsel's use as a witness for the State rendered his services less effective and invaded the defendant's right to unhampered representation at trial.

In the case at bar, defense counsel was called on to testify as a rebuttal witness for the prosecution without prior notice. No cocounsel was present *at trial* to aid the defendant while counsel testified. Defense counsel testified that his client had, in fact, been offered a lie detector test but had refused to take it unless an appropriate deal were made. This testimony refuted appellant's prior statement at trial that the State had refused to give him a polygraph test after he requested one.

Appellant's defense in this case was a denial of having committed the act of sodomy in question. Both the victim and a State's witness testified that appellant com-

mitted the act, while appellant and a defense witness testified he did not. Thus, appellant's credibility was a major issue. Appellant testified on direct examination that he had requested a polygraph test, but was denied one by the prosecutor. Defense counsel's testimony on rebuttal served to impeach appellant's testimony regarding the polygraph discussion. We believe the use of defense counsel's testimony to impeach appellant was prejudicial error.

The judgment is reversed and the cause remanded.

All concur.