[Crim. No. 11705. Fourth Dist., Div. One. Feb. 18, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM RODRIGUEZ, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Jeffrey J. Stuetz, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Rudolf Corona, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROWN (Gerald), P. J.—Convicted of robbery (Pen. Code, § 211) William Rodriguez appeals the judgment and seeks a writ of habeas corpus, contending he was denied effective assistance of counsel at his trial, because one of his attorneys was required to testify as a prosecution witness.

On August 3, 1979, someone robbed a Safeway store of about $23,000 shortly after an armored car delivery. The two witnesses, Darrell Wantoch, the store manager, and Francisco Tapia, a grocery clerk, described the robber as a male Latin, 45 years old, 5 feet 3 inches tall, 160 pounds, with a stocky build and having a mustache and brown-rimmed glasses. Eleven days after the robbery, Tapia was shown five photographs, including one of Rodriguez, whom he identified as the robber. Rodriguez was arrested on August 17, 1979. At a live lineup on August 22d, both Wantoch and Tapia identified Rodriguez as the robber. After the lineup, the prosecutor asked Rodriguez' attorney, Marc Frenkel, what he thought of the lineup and Frenkel replied with the opinion, "That was not a bad lineup" or "It's not bad."

At trial Rodriguez was jointly represented by Frenkel and Ronald Allen. His defense was mistaken identification. Allen thoroughly cross-examined Wantoch and Tapia about their opportunities to observe the robber and the soundness of their observations and recollections, and he elicited discrepancies between their descriptions of the robber. He cross-examined both witnesses extensively about the conduct of the live lineup and Tapia about his identification of Rodriguez' photo. In cross-examining the arresting officer, Allen developed inconsistencies between the first description of the robber given to police and the witnesses' trial testimony. He also questioned the officer extensively about the conduct of the live lineup and the physical characteristics of the participants.

During redirect examination of the officer, the prosecutor asked him what Frenkel had said about the lineup after it had been completed. Allen objected on hearsay grounds. When the court asked whether he wished to be heard in opposition to the objection, the prosecutor responded, "I can handle that in another way," and the court sustained the objection. When the examination of the officer ended, the prosecutor, without warning and in the jury's presence, called Frenkel as a witness. Allen *immediately objected.* Following a bench conference in which the court indicated it would overrule the objection and order

Frenkel to testify, Allen and Frenkel withdrew the objection. No one consulted Rodriguez and he did not consent to Frenkel's testifying. Frenkel then testified to his post-lineup opinion.

In the defense case-in-chief, Allen and Frenkel offered evidence to show Rodriguez did not ordinarily wear a mustache and had not had one a week before the robbery. Allen presented a vigorous argument to the jury, emphasizing the inconsistencies between the eyewitnesses' descriptions, pointing out his client's lack of a mustache, and contending the photo display and live lineup were unfairly suggestive. The jury, nevertheless, found Rodriguez guilty.

■ A criminal defendant is constitutionally entitled to effective assistance of counsel (*People* v. *Corona* (1978) 80 Cal.App.3d 684, 705 [145 Cal.Rptr. 894]). He is deprived of this right where his attorney fails to provide reasonably competent representation and advocacy, and his attorney's acts or omissions result in the withdrawal of a "potentially meritorious defense" (*People* v. *Pope* (1979) 23 Cal.3d 412, 424-425 [152 Cal.Rptr. 732, 590 P.2d 859]). The trial court has an affirmative duty to protect the defendant's right to effective assistance of counsel (*Smith* v. *Superior Court* (1968) 68 Cal.2d 547, 559 [68 Cal.Rptr. 1, 440 P.2d 65]). ■ To require a criminal defendant's attorney to testify against his client on a material issue so diminishes the attorney's effectiveness on behalf of his client that it infringes on the right to counsel. Once the attorney has been placed in a position adverse to his client, all his efforts on the defendant's behalf will be suspect. The jury can hardly avoid inferring the defendant's own attorney does not believe in the defense he himself is presenting. It is fundamentally unfair to a criminal defendant to use his own attorney's testimony to convict him, and such a substantial infringement on the right to counsel requires reversal (*People* v. *Lathrom* (1961) 192 Cal.App.2d 216, 230-231 [13 Cal.Rptr. 325, 88 A.L.R.2d 785]; *State* v. *Livingston* (1972) 30 Ohio App.2d 232, [59 Ohio Ops.2d 364, 285 N.E.2d 75, 77-78]; *State* v. *Reynolds* (Mo. 1978) 564 S.W.2d 874, 876).

Here, requiring Frenkel to testify as a prosecution witness to his opinion, solicited by the prosecutor following the lineup, completely undercut Rodriguez' defense of misidentification, because his own attorney's testimony bolstered the eyewitnesses' identifications. As a result, the defense attorneys' efforts during cross-examination to raise doubts about the witnesses' identifications were nullified, and their attempts to argue the defense of mistaken identity were rendered

ineffective. The potential for this substantial impairment of counsel's effectiveness was readily apparent, but the trial court failed to protect Rodriguez' right to counsel by excluding Frenkel's testimony. To compound the error, Rodriguez' attorneys failed to act as reasonably competent advocates when they withdrew their objection to Frenkel's testifying and, in effect, withdrew Rodriguez' principal defense (*People v. Pope, supra*, 23 Cal.3d 412, 424-425).

The conduct of the prosecutor, coupled with the response of the court and defense counsel, deprived Rodriguez of the effective assistance of counsel to which he is constitutionally entitled.

The judgment is reversed. The petition for writ of habeas corpus becomes moot and is denied.

Work, J., and Todd (W. L.), J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 15, 1981.

---

*Assigned by the Chairperson of the Judicial Council.