## 67420. GILBERT v. THE STATE.

Deen, Presiding Judge.

The appellant, Gilbert, was tried and convicted of the offense of armed robbery. The trial court sentenced him to 20 years imprisonment, from which Gilbert appeals.

At approximately 4:00 p.m. on April 26, 1979, Frank Green was assembling some doors in the basement of an apartment complex building, when someone, identified as the appellant by Green, entered the basement, placed a pistol to Green's head, and demanded money. After Green gave him his wallet, the assailant departed.

Shirley Williams, a resident of the complex who claimed to be a friend of the appellant's mother, testified that at approximately the above-mentioned time the appellant had entered her apartment, retrieved a pistol from his mother's purse (the appellant's mother was in the bathroom at the time), and left via the back door in the direction of the basement. About 10 minutes later, the appellant returned, placed the pistol back into his mother's purse, and departed out the front door.

The appellant's evidence set forth an alibi defense. His mother denied ever having been to the residence of Shirley Williams, much less on the day of the armed robbery. The appellant's mother and his

girl friend further testified that the appellant had gotten up early on April 26, 1979, to accompany his uncle on the latter's garbage truck route in the Atlanta area and that the appellant had not returned until the afternoon of the following day. The appellant's uncle testified that he had picked up the appellant early on the morning of April 26, 1979, and that they had spent the entire day together; because he had not felt like driving back to Griffin, he and the appellant had spent the night at the house of the appellant's aunt. The appellant's testimony, of course, substantially conformed to the testimony of his mother, girl friend, and uncle.

Counsel for the appellant called as a witness John Newton, an attorney who had represented the appellant at the preliminary hearing, for the purpose of establishing some discrepancy in the description of the assailant given by the victim at different times. On cross-examination, however, the district attorney questioned Newton on whether the appellant or anyone else had mentioned to him anything about an alibi. Counsel for the appellant objected that this line of questioning violated the attorney/client privilege which had existed between the appellant and Newton at the time of the preliminary hearing, but the trial court allowed the questioning, after ruling that no one had claimed the privilege and that the objection had not been properly stated. Newton testified that his notes did not indicate and he did not recollect anyone mentioning an alibi, although he explained that at the preliminary hearing stage he did not normally develop a defense tactic.

On appeal, Gilbert again contends, inter alia, that the trial court erred in allowing the questioning of his prior counsel about any communications regarding any alibi. *Held:*

1. OCGA § 24-9-24 (Code Ann. § 38-419) provides that a client's "[c]ommunications to any attorney . . . pending his employment or in anticipation thereof shall never be heard by the court." OCGA § 24-9-25 (Code Ann. § 38-1605) further provides that "[n]o attorney shall be competent or compellable to testify for or against his client to any matter or thing, the knowledge of which he may have acquired from his client by virtue of his employment as attorney or by reason of the anticipated employment of him as attorney. However, an attorney shall be both competent and compellable to testify for or against his client as to any matter or thing, the knowledge of which he may have acquired in any other manner." See also *Anderson v. State,* 153 Ga. App. 401 (265 SE2d 299) (1980); *Campbell v. State,* 149 Ga. App. 299 (254 SE2d 389) (1979); *Buffington v. McClelland,* 130 Ga. App. 460 (203 SE2d 575) (1973). This attorney/client privilege is for the protection and benefit of the client, not the attorney. *Marriott Corp. v. American Academy of Psychotherapists,* 157 Ga. App. 497

(277 SE2d 785) (1981).

In this case, while the appellant's previous attorney could have properly testified about his knowledge of any alibi that he obtained from independent sources, the district attorney's cross-examination of the attorney regarding any prior reference by the appellant to any alibi defense certainly invaded the area of communications protected by the attorney/client privilege. There was no waiver of this privilege here; contrary to the trial court's conclusion, counsel for the appellant timely and appropriately asserted the privilege by objection to the district attorney's line of questioning specifically as violative of the attorney/client privilege.

Although the attorney witness sought to dilute the effect of his testimony of no recollection of any prior reference to alibi by explaining that his routine with regard to preliminary hearings did not usually include extensive interviewing of a client or development of a defense strategy, we cannot conclude that the harm was nullified. The invasion of these privileged communications must be deemed prejudicial as it served to impeach the appellant's sole defense of alibi. Accordingly, the appellant's conviction must be reversed for a new trial.

2. The appellant's remaining enumerations of error are either without merit or unlikely to reoccur upon retrial.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED DECEMBER 5, 1983 —
REHEARING DENIED JANUARY 3, 1984 —

*W. Fletcher Sams,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., Assistant District Attorney,* for appellee.