## 40757. NEWSOME et al. v. BROWN.

WELTNER, Justice.

This is an appeal arising out of an action for declaratory judgment and injunctive relief.

Brown was employed at Georgia State Prison in Reidsville, Georgia, by the Department of Offender Rehabilitation. Following several incidents, Warden Newsome notified Brown that he would be terminated from employment. Pursuant to the Rules and Regulations of the State Personnel Board, a hearing relative to termination was held before a hearing officer of the Department of Offender Rehabilitation. However, prior to that official's decision, Newsome dismissed all charges against Brown, pending an investigation of him by the Commissioner of the Department of Offender Rehabilitation. Brown was reinstated with back pay, and no decision was made by the hearing officer.

The Commissioner completed his investigation, and terminated Brown's employment. Brown appealed to the State Personnel Board. Seven days before the scheduled hearing before the Board, Brown filed this petition in superior court, alleging that the Commissioner and Newsome had conspired to terminate his employment and to deny him his right of appeal. The trial court enjoined further action against Brown, and ordered him reinstated.

Although Brown contends that he exhausted all administrative remedies, there is no dispute that his appeal was pending before the State Personnel Board at the time of the filing of his petition in superior court.

"The decisions of this court hold that where a statute provides a party with a means of review by an administrative agency, such procedure is generally an adequate remedy at law so as to preclude the grant of equitable relief. [Citations omitted.]

"Other decisions hold that an action for declaratory judgment will not be entertained where the rights of the parties have already

accrued and the plaintiff faces no risk of taking future undirected action. [Citations omitted.] This rule is particularly applicable where the rights of the parties have accrued and those rights are actually in the process of being adjudicated by another tribunal. In our view, courts should not render advisory opinions (declaratory judgments) to administrative tribunals as such tribunals proceed, step by step, to perform their administrative function." *Flint River Mills v. Henry,* 234 Ga. 385, 387 (216 SE2d 895) (1975). See *Irvin v. Jenkins,* 233 Ga. 16 (209 SE2d 610) (1974), *George v. Dept. of Natural Resources,* 250 Ga. 491, 492 (299 SE2d 556) (1983).

Brown's petition should have been dismissed as premature.

*Judgment reversed. All the Justices concur, except Clarke, J., who dissents.*

DECIDED APRIL 4, 1984.

*Michael J. Bowers, Attorney General, John C. Jones, Assistant Attorney General,* for appellants.

*Doremus & Jones, Bobby Jones, Carroll V. Reynolds,* for appellee.