A00A1252. THORNE v. THE STATE.

(542 SE2d 157)

ANDREWS, Presiding Judge.

John Wayne Thorne appeals from the judgment of conviction entered on a jury verdict finding him guilty of the armed robbery of a convenience store.

1. The State produced testimony from a cashier at the store who testified that she saw Thorne in the store twice on the night of the robbery. In the first encounter, the cashier testified that Thorne approached her to buy some beer, but left after saying he did not have enough money to make the purchase. The cashier testified that the second encounter occurred about three hours later when Thorne returned to the store and stole about $160 from the cash register while holding her at knifepoint. The cashier identified Thorne as the robber during a subsequent lineup, on a videotape taken by the store's camera system, and during the trial of the case. In support of the cashier's eyewitness identification, the State also introduced into evidence the continuous videotape taken by the store's camera system on the night of the robbery which clearly showed the robbery, the robber, and the robber's visit to the store about three hours prior to the robbery. A police investigator testified that one of Thorne's friends identified him as the robber on the videotape. Although Thorne presented an alibi defense, the cashier's eyewitness identification and the videotape showing the commission of the robbery provided overwhelming evidence of guilt. The evidence was clearly sufficient for the jury to find that Thorne was guilty of the armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC

---

[2] *Nix v. Long Mountain Resources*, 262 Ga. 506, 509 (422 SE2d 195) (1992).

2781, 61 LE2d 560) (1979).

2. Thorne claims the trial court should have sua sponte declared a mistrial after a police investigator testified on direct examination by the prosecutor that Thorne's own defense counsel made statements to the investigator which indicated that defense counsel believed Thorne was guilty. Thorne argues that, even in the absence of a proper objection or a motion for a mistrial, this was "plain error" which violated his attorney-client privilege, resulted in ineffective assistance of counsel, and requires reversal of the conviction.

During direct examination of the police investigator, the prosecutor asked the investigator to name persons who had identified Thorne as the robber of the convenience store from a review of the videotape taken during the robbery by the store's camera system. The following testimony and colloquy took place in the presence of the jury:

[PROSECUTOR:] In terms of everything you've mentioned you had several different people including his best friend that identified him, don't you?

[INVESTIGATOR:] That's correct.

[PROSECUTOR:] Did anybody identify anyone else except him to you?

[INVESTIGATOR:] Did anyone else identify . . . identify him?

[PROSECUTOR:] Yes.

[INVESTIGATOR:] Yes, sir, . . . I mean the [store] clerk identified him.

[PROSECUTOR:] Yes.

[INVESTIGATOR:] Allen Stubblefield identified him.

[PROSECUTOR:] Yes.

[INVESTIGATOR:] Mr. Kennedy (Thorne's defense counsel) looked at him and said it was him on tape.

[KENNEDY:] No, sir. No, sir. [I] looked at him and said that resembles him on tape.

[THE COURT:] The Court will. . . . Mr. Kennedy, you can raise an objection, but not . . . don't get in an argument with the witness.

[KENNEDY:] Well, I object to that. That's not what I told this officer, and he knows it. . . . And I resent . . . him characterizing something I told him as something other than what I told him.

[THE COURT:] I can't resolve that issue, but I'll give you an opportunity to explain that to the jury as well.

[KENNEDY:] Thank you, Judge.

[THE COURT:] Do you want to correct what you've just said?

[INVESTIGATOR:] Mr. Kennedy stated that he can't believe that John Thorne would go to court with this. Quote, unquote.

Thereafter, defense counsel made no further objection or motion for a mistrial, and the trial court took no curative action.

Although this Court will not generally consider issues not properly raised and ruled upon in the trial court, an exception exists in cases of "plain error" which is "so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding." (Citation and punctuation omitted.) *Lynd v. State*, 262 Ga. 58, 61, n. 2 (414 SE2d 5) (1992). *Almond v. State*, 180 Ga. App. 475, 478-481 (349 SE2d 482) (1986). The evidentiary use by the State of the alleged statements made by defense counsel to the investigator implicating Thorne in the robbery, along with defense counsel's own statement at trial as to what he told the investigator about Thorne, was a violation of Thorne's attorney-client privilege. Although it does not appear that the prosecutor was attempting to elicit this testimony from the investigator,[1] the State must nevertheless exercise extreme caution to avoid prejudicial error by breach of the defendant's attorney-client privilege. *Williams v. State*, 258 Ga. 281, 285 (368 SE2d 742) (1988).

In *Almond*, we found that a similar violation of the attorney-client privilege was "plain error" which seriously affected the fairness, integrity, or public reputation of the proceedings and required reversal even in the absence of any objection. *Almond*, 180 Ga. App. at 480-481. However, despite the erroneous breach of the attorney-client privilege in the present case, we decline to reverse the conviction under the "plain error" rule. Because there was overwhelming evidence of Thorne's guilt, we find no basis for concluding that the error seriously affected the fairness, integrity, or public reputation of the proceedings and find no grave miscarriage of justice in refusing to notice the forfeited error. See *Johnson v. United States*, 520 U. S. 461, 470 (117 SC 1544, 137 LE2d 718) (1997) (refusing to reverse under the federal "plain error" rule where there was overwhelming evidence of guilt). "Indeed, it would be the reversal of a conviction such as this which would have that effect." Id.

As to Thorne's ineffective assistance of counsel claims, even if defense counsel's conduct was deficient, no reversal of the conviction is required because there was no reasonable probability that the outcome of the proceedings would have been different but for the defi-

---

[1] We note that in earlier questioning about who had seen the videotape, the prosecutor cautioned the investigator that he was not asking about other investigators or lawyers.

ciency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

3. Because no objections were made at trial, Thorne's claims related to alleged improper impeachment and interjection of his character into evidence were not preserved for appellate review.

*Judgment affirmed. Ellington, J., concurs. Ruffin, J., concurs specially.*

RUFFIN, Judge, concurring specially.

I concur fully with both the reasoning employed and the result reached by the majority. I write separately merely to emphasize the clear error in the trial court's admission of the investigator's testimony as to what Thorne's attorney allegedly told him.

The relationship between a criminal defendant and his attorney is sacrosanct, and anything that undermines the integrity of that relationship should be soundly condemned. As the United States Supreme Court recognized in *Penson v. Ohio*,[2]

> [o]f all rights that an accused person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have. The paramount importance of vigorous representation follows from the nature of our adversarial system of justice. This system is premised on the well-tested principle that truth — as well as fairness — is best discovered by powerful statements on both sides of the question.[3]

Here, by testifying that the attorney identified his client from the surveillance video, the investigator essentially thrust the attorney into the role of witness against his client, a role which no lawyer should be required to assume.[4] Even more egregious, the investigator's statement suggested that Thorne's attorney thought his client was guilty. I can think of nothing that undermines an attorney's ability to effectively represent his client more than intimating that the attorney thinks his client is guilty. Such intimation stabs at the very heart of the attorney-client privilege, which, as the oldest of privileges, serves as the bedrock of our criminal justice system.[5] Clearly,

---

[2] 488 U. S. 75 (109 SC 346, 102 LE2d 300) (1988).

[3] (Citations and punctuation omitted.) Id. at 84.

[4] See OCGA § 24-9-25 ("No attorney shall be competent or compellable to testify for or against his client to any matter or thing, the knowledge of which he may have acquired from his client by virtue of his employment as attorney or by reason of the anticipated employment of him as attorney.").

[5] See *Upjohn Co. v. United States*, 449 U. S. 383, 388 (101 SC 677, 66 LE2d 584) (1981) (attorney-client "privilege recognizes that sound legal advice or advocacy serves public ends

no client would have the unfettered ability to discuss his case with his attorney if he knows that there is the slightest chance that what is discussed will not be confidential. Such would be far more egregious than a *Miranda* violation.

By permitting the attorney to be a witness against his client, the trial court completely eviscerated that attorney's ability to effectively represent his client. Indeed,

> [i]t has been uniformly recognized by the courts which have been presented with the question, that requiring the defendant's attorney to testify against him on a contested, material issue so diminishes the persuasive force of his advocacy on behalf of the defendant in the eyes of the jury that the defendant is denied his right to effective assistance of counsel.[6]

Here, Thorne undeniably was deprived of effective assistance. However, in addressing the attorney's effectiveness, we employ the *Strickland*[7] standard.[8] Absent a showing of prejudice, this Court will not reverse.[9] And, although I am aghast at the magnitude of the error, I must agree with the majority that the overwhelming evidence of Thorne's guilt precludes reversal.

DECIDED NOVEMBER 9, 2000.

*George D. Bush*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

and that such advice or advocacy depends upon the lawyer's being fully informed.") (punctuation omitted).

[6] *Shelton v. State*, 206 Ga. App. 579, 580 (426 SE2d 69) (1992).
[7] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[8] See *Wright v. State*, 267 Ga. 496, 497 (2) (b) (480 SE2d 13) (1997).
[9] *Williams v. State*, 258 Ga. 281, 285 (5) (c) (368 SE2d 742) (1988).