### A06A1177. ADESIDA v. THE STATE.
(634 SE2d 880)

PHIPPS, Judge.

After a bench trial, Steve Adesida was convicted of two counts of child molestation and sentenced to eight years with four to serve. On appeal, Adesida argues that the trial court erred in admitting privileged testimony and that trial counsel was ineffective. We find no error and affirm.

Viewed in the light most favorable to the state, the record shows that after reading a report at school written by a girl who had been sexually abused by her stepfather, the victim in this case told her mother that Adesida, her own stepfather, was doing the same things to her. In a videotaped interview with a certified forensic interviewer,

---

[18] 259 Ga. App. 618 (578 SE2d 256) (2003).
[19] Id. at 620-621 (1) (c).
[20] Id. at 621 (1) (c).
[21] Id.
[22] (Footnote omitted.) Id.

the victim said that Adesida had first groped her and touched her with his penis when she was five years old, and that the molestation continued afterward.

After Adesida's arrest, he agreed to a polygraph examination, which included questions asking him whether he had ever touched the victim with his penis, whether he had done so at a particular address, and whether he had ever touched the victim for his own sexual pleasure. Sergeant Robbie Frederick, who administered the polygraph examination and who was qualified by the court as an expert in the field, concluded that Adesida had lied when he answered "no" to each of these questions.

1. As a preliminary matter, and having reviewed the record, we hold that the evidence sufficed to sustain Adesida's conviction for child molestation.[1]

2. Adesida first contends that the trial court erred when it allowed Walter Maddox, a witness who had been previously retained as a polygraph expert for the defense, to testify for the state. Adesida did not raise this at trial or in his motion for new trial, however. He has thus waived the issue on appeal.[2]

3. Adesida also contends that trial counsel was ineffective when he (a) ignored a consent order barring the state from introducing any written or oral admissions or statements Adesida made to Frederick before and after the examination was administered; (b) failed to assert the attorney-client privilege with respect to Maddox's testimony when the state called Maddox as a witness; and (c) failed to adequately prepare Kenneth Blackstone, another polygraph expert who testified for the defense at trial. We disagree.

"To prove an ineffective assistance of counsel claim, the defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency."[3] The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[4]

(a) The order at issue here is styled as a "Consent Limiting Order for the Exclusion of Written and Oral Admissions and Confessions of Defendant." As trial counsel testified at the hearing on Adesida's

---

[1] OCGA § 16-6-4 (a) (defining child molestation); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Allen v. State*, 272 Ga. 513, 514-515 (3) (530 SE2d 186) (2000) (failure to object to investigator's testimony).

[3] *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (footnote omitted).

motion for new trial, the defense's strategy was (1) to allow the admission of the polygraph *results alone*, which he calculated would be admitted in any case, in exchange for the exclusion of the videotape of the entire examination, including Adesida's statements before and after; and (2) to attack the test itself as flawed. As the Supreme Court of Georgia has recently held, stipulating to the admission of polygraph test results may be a valid trial strategy.[5] Thus trial counsel neither ignored the consent order nor performed deficiently when he stipulated to the admission of the polygraph results in this case.[6]

(b) The trial court held that counsel performed deficiently when he failed to ask his client for a waiver of attorney-client privilege before turning over Maddox's report to the state, which later called him as a witness. Like Frederick, Maddox testified that Adesida had lied during the polygraph test.

It is true that extreme caution must be exercised "to avoid prejudicial error by breach of the defendant's attorney-client privilege."[7] Even assuming that the trial court was correct when it held that counsel performed deficiently when he failed to consult his client concerning the privilege, however, and bearing in mind that his agreement to admit the polygraph results did not otherwise amount to deficient performance, Adesida has not shown a reasonable probability that the result would have been different in the absence of this expert's cumulative testimony.[8]

(c) Finally, Adesida argues that trial counsel was ineffective in failing to prepare Blackstone adequately, as when Blackstone's report and testimony criticized Frederick for failing to ask a test question concerning penile penetration, which had not been alleged in the indictment. The record shows, however, that Blackstone was correct in his assertion that the victim had once accused Adesida of touching the "inside" of her vagina with his penis; that Blackstone had conducted over 22,000 polygraph examinations; that he and trial counsel met for two hours the week before trial; and that they met

---

[5] *Thornton v. State*, 279 Ga. 676, 680 (6) (b) (620 SE2d 356) (2005).

[6] Id.

[7] *Thorne v. State*, 246 Ga. App. 741, 743 (2) (542 SE2d 157) (2000), citing *Williams v. State*, 258 Ga. 281, 285 (368 SE2d 742) (1988).

[8] See *Norman v. State*, 278 Ga. App. 497, 498 (3) (629 SE2d 489) (2006) (even if jury could take unobjected-to expert testimony as impermissible affirmation of victim's credibility, defendant did not show prejudice); *Thorne*, supra, 246 Ga. App. at 743-744 (2) (given overwhelming evidence of defendant's guilt, trial counsel's failure to object to State's violation of attorney-client privilege did not raise reasonable probability that result would have been different); see also *Estes v. State*, 279 Ga. App. 394, 398 (4) (c) (631 SE2d 438) (2006) (no deficient performance in calling witness in order to undermine her credibility, even if her testimony could be taken as adverse to the defendant).

again for forty-five minutes on the morning of Blackstone's appearance in order to review Frederick's testimony. Even assuming that Blackstone's testimony was not as successful as Adesida might have hoped, then, the trial court did not err when it found no deficient performance here.[9]

The trial court did not err when it denied Adesida's motion for new trial.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JULY 27, 2006.

*John A. Beall IV*, for appellant.

*Jewel C. Scott, District Attorney, Richard C. Brown, Assistant District Attorney*, for appellee.

---

[9] See *Mallon v. State*, 266 Ga. App. 394, 397 (3) (597 SE2d 497) (2004) (one meeting before trial was not shown to be inadequate preparation).