**FIFTH DIVISION
MCFADDEN, P. J.,
HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 3, 2026**

# In the Court of Appeals of Georgia

A25A1820. PATEL v. EAGER HOLDINGS, LLC et al.

MCFADDEN, Presiding Judge.

This is an appeal from an order entered in a declaratory judgment action arising from a dispute managers and members of a limited liability company. Defendant Monica Patel appeals from an order that granted summary judgment to the plaintiffs and declared, among other things, that she is no longer a member of the company and thus lacks standing to bring a derivative action on its behalf. Monica Patel argues that the trial court should have dismissed the declaratory judgment action. She also argues that even if the action were not subject to dismissal, the trial court erred in granting the plaintiffs' summary judgment motion.

We hold that the declaratory judgment action did not present justiciable issues. So the trial court erred by denying Monica Patel's motion to dismiss, and we reverse. We do not reach Monica Patel's arguments about summary judgment.

1. *Background*

We review de novo the trial court's ruling on Monica Patel's motion to dismiss. See *Cardinale v. State of Ga.*, 363 Ga. App. 873, 874 (873 SE2d 256) (2022); *Am. Prof. Risk Servs. v. Gotham Ins. Co.*, 323 Ga. App. 776, 777 (748 SE2d 134) (2013).

So viewed, the record shows that Eager Holdings, LLC is a limited liability company that was created to own and operate coin-operated amusement machines. When Eager was created, its managers were Craig Franklin and Hetal Patel, plaintiffs and appellees in this action, and Jay Patel, the husband of defendant/appellant Monica Patel. Its members were Michelle Franklin, the wife of Craig Franklin; Hetal Patel; and Monica Patel.

This dispute among the members and managers of Eager Holdings arose out of the LLC's failed effort to acquire another LLC's assets. In February 2021, Eager Holdings entered into an asset purchase agreement with Armstrong Amusement, LLC to acquire Armstrong's coin-operated-amusement-machine master license and assets.

In order to purchase the master license, Eager Holdings first had to obtain the Georgia Lottery Corporation's approval of an application to become a coin-operated-amusement-machine master-license holder. Eager Holdings submitted a written application to the Georgia Lottery Corporation. But the application ran aground upon the Georgia Lottery Corporation's request for background information from the members.

Monica Patel had failed to disclose that her father-in-law, a convicted felon, occasionally resided in her household. That put the application at risk. Upon learning this, a majority of members and managers withdrew Eager Holdings' application from the Georgia Lottery Corporation. Armstrong Amusement terminated the asset purchase agreement.

Monica and Jay Patel then sought to purchase Armstrong Amusement's license and assets themselves. So did Craig and Michelle Franklin. In June 2021, Armstrong Amusement signed an asset purchase agreement with Leopard Global, LLC, an entity owned by the Franklins.

On September 27, 2021, Monica Patel withdrew her $10,000 capital contribution from Eager Holdings — notwithstanding that the operating agreement[1] provides, "[n]o [m]ember shall be permitted to . . . receive a return of any of the [m]ember's [c]apital [c]ontributions before the dissolution and winding up of the [c]ompany."

About a year later, she made a written demand on the Eager Holdings managers (Hetal Patel, Craig Franklin, and her husband, Jay Patel). Such a demand is a prerequisite to a member filing a derivative action "in the right of [a] limited liability company." OCGA § 14-11-801 (2). In that demand, Monica Patel called upon the managers to "initiate suitable action on behalf of Eager" "for the breach by Craig Franklin and Hetal Patel, aided and abetted by Michelle Franklin of the fiduciary duty to manage the business of Eager in good faith and in the best interests of Eager. . . ." The demand triggered a 90-day waiting period before a derivative action could be filed. OCGA § 14-11-801 (3).

---

[1] We observe that every copy of the operating agreement in the appellate record appears to be missing pages. "[W]e will nevertheless proceed, in the interest of judicial economy and efficiency, because we can resolve the issue[s before us] on facts not in dispute and on the record available to us." *Agnes Scott College. v. Hartley*, 346 Ga. App. 841, 843 (2) (816 SE2d 689) (2018).

During that 90-day period, on December 23, 2022, appellees Eager Holdings, Craig Franklin, and Hetal Patel filed this declaratory judgment action against Monica Patel in Gwinnett Superior Court. They sought the following declarations:

> that Monica Patel's withdrawal of her capital contribution violated the Eager Holdings operating agreement;
>
> that Monica Patel's withdrawal of her capital contribution constituted an abandonment of or extinguished her membership interest in Eager Holdings or waived her rights;
>
> that Monica Patel's withdrawal of her capital contribution rendered her derivative demand defective and relieved the plaintiffs of any obligation to respond; and
>
> that Monica Patel's withdrawal of her capital contribution precluded her from pursuing a derivative action and relieved the plaintiffs from any requirement to take action in response.

In their brief in support of their motion for summary judgment, they sought two additional declarations:

> that if the withdrawal of her capital contribution did not terminate Monica Patel's membership, then the managers were authorized under the operating agreement to re-balance the members' capital accounts so

that Monica Patel's membership interest was diluted to zero percent; and

that Monica Patel may not pursue a derivative action because she cannot fairly and adequately represent Eager Holdings' interests.

See *Pew v. One Buckhead Loop Condo. Ass'n*, 305 Ga. App. 456, 458 (1) (a) (700 SE2d 831) (2010) ("it is well settled that the trial court may exercise its authority to amend [a complaint] under OCGA § 9-11-15 (b) on motion for summary judgment").

On January 30, 2023, Monica Patel, as a member of the company, filed the anticipated derivative action against Hetal Patel, the Franklins, and Leopard Global (the Franklins' company that acquired the Armstrong Amusement license) in Fulton Superior Court. (The week before, on the advice of her counsel, she had deposited $10,000, the amount of her withdrawn capital contribution, into the Eager Holdings bank account.) With that court's permission, she later joined Eager Holdings as a plaintiff.

She alleged claims for civil conspiracy and breach of fiduciary duty, and sought damages, OCGA § 13-6-11 attorney fees, the imposition of a constructive trust on

Leopard Global, and the removal of Craig Franklin and Hetal Patel as managers of Eager Holdings. That action remains pending in the Fulton Superior Court.

Three days after filing the derivative action, Monica Patel moved the Gwinnett Superior Court to dismiss the declaratory judgment action. That court denied that motion but later granted the plaintiffs' motion for summary judgment. Monica Patel filed this appeal.

2. *Motion to dismiss*

Monica Patel argues that the Gwinnett Superior Court erred by denying her motion to dismiss. We agree.

The purpose of the Declaratory Judgment Act, OCGA §§ 9-4-1 through 9-4-9, "is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations[.]" OCGA § 9-4-1. "Under the Declaratory Judgment Act, the courts of this [s]tate are authorized 'to declare rights and other legal relations of any interested party petitioning for such declaration' '[i]n cases of actual controversy' and 'in any civil case in which . . . the ends of justice [so] require[.]' OCGA § 9-4-2 (a), (b)." *Cobb County v. Floam*, 319 Ga. 89, 96 (2) (901 SE2d 512) (2024).

"[T]he proper scope of declaratory judgment is to adjudge those rights among parties upon which their future conduct depends." *Sexual Offender Registration Review Bd. v. Berzett*, 301 Ga. 391, 393 (801 SE2d 821) (2017) (citation and punctuation omitted).

> [A] petition for declaratory relief will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest.

*Floam*, 319 Ga. at 97 (2) (citation, punctuation, and emphasis omitted).

A declaratory judgment claim is improper when the "declaration of rights would not direct the plaintiff's *future* conduct or involve[s] only a determination of rights that ha[ve] already accrued." *Floam*, 319 Ga. at 97 (2) (emphasis in original). "[T]o state a claim for declaratory judgment, a party need only allege the existence of a justiciable controversy in which future conduct depends on resolution of uncertain legal relations." *City of Atlanta v. Hotels.com*, 285 Ga. 231, 234-235 (674 SE2d 898) (2009). But at the point an action "no longer presents a justiciable controversy and

8

presents only a question of academic interest. . . , the entry of a declaratory judgment is not appropriate. . . ." *Baker v. City of Marietta*, 271 Ga. 210, 214-215 (1) (518 SE2d 879) (1999). We will address in turn the various declarations the plaintiffs sought in order to determine whether the declaratory judgment action presented a justiciable controversy.

The plaintiffs sought a declaration that Monica Patel's withdrawal of her capital contribution rendered her derivative demand defective and relieved the plaintiffs of any obligation to respond. However, the plaintiffs have cited nothing showing that they had an obligation to respond to the derivative demand in the first place. Compare OCGA § 14-2-742, Comment 4 (corporations have no obligation to respond to derivative demand to take suitable action). In any event, once the 90-day waiting period had expired and Monica Patel had filed the derivative action, there was no longer anything to respond to. So such a declaration was not required to "direct the plaintiff[s'] *future* conduct[,]" *Floam*, 319 Ga. at 97 (2) (emphasis in original); this proposed declaration is moot; and it does not present a justiciable controversy. *Knox v. State of Ga.*, 316 Ga. 426, 427-428 (888 SE2d 497) (2023).

Several of the declarations the plaintiffs sought do not implicate a "threatened future injury that a declaration would prevent them from suffering." *Floam*, 319 Ga. at 99 (2). The plaintiffs sought declarations that Monica Patel had breached the terms of the operating agreement by withdrawing her capital contribution; that her withdrawal of her capital contribution constituted an abandonment of or extinguished her membership interest in Eager Holdings or waived her rights; and that if her withdrawal of her capital contribution did not end her membership in the company, then the managers have the right to re-balance her interest to zero percent. But the plaintiffs failed to show that such declarations would relieve them of the risk of taking any future action.

The plaintiffs argue that they seek these declarations because they face uncertainty about future acts under the operating agreement, such as making capital calls; maintaining members' capital accounts; making distributions; administering voting; determining who has the right to attend meetings; determining who has the right to inspect the company's books; administering transfers of ownership; beginning the dissolution of the company; and diluting Monica Patel's membership interest *if* her withdrawal of her capital contribution did not terminate her membership. But the

plaintiffs do not allege that any such situations have presented themselves or that they will face any of those hypothetical situations.

"Declaratory judgment will not be rendered based on a possible or probable contingency." *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450) (1992). "[T]he relief sought by a plaintiff must have some immediate legal effect on the parties' conduct, rather than simply burning off an abstract fog of uncertainty." *City of Atlanta v. Atlanta Indep. School System*, 307 Ga. 877, 880 (838 SE2d 834) (2020). The "speculative uncertainty [argued by the plaintiffs] is simply insufficient to warrant declaratory relief." *Hughes v. Gwinnett County*, 375 Ga. App. 774, 778 (3) (917 SE2d 762) (2025) (citation and punctuation omitted).

The remaining declarations the plaintiffs sought — that Monica Patel's withdrawal of her capital contribution precludes her from pursuing a derivative action and that Monica Patel may not pursue a derivative action because she cannot fairly and adequately represent Eager Holdings' interests — are not properly the subject of a declaratory judgment action. Such declarations simply relate to the plaintiffs' potential defenses in the derivative action, not any "future injury that [such] declaration[s] would prevent [the plaintiffs] from suffering." *Floam*, 319 Ga. at 99 (2).

"Relief by declaratory judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies." OCGA § 9-4-2 (c). But "[a] declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined." *Kiker v. Hefner*, 119 Ga. App. 629, 631 (2) (168 SE2d 637) (1969). The rule that "an action for declaratory judgment will not be entertained where the rights of the parties have already accrued and the plaintiff faces no risk of taking future undirected action . . . is particularly applicable where the rights of the parties have accrued and those rights are actually in the process of being adjudicated by another tribunal." *Newsome v. Brown*, 252 Ga. 421, 421-422 (314 SE2d 225) (1984). Similarly, a "declaratory judgment is not available to a party merely to test the viability of [that party's] defenses." *Morgan v. Guar. Nat'l Cos.*, 268 Ga. 343, 345 (489 SE2d 803) (1997) (citation and punctuation omitted). See also *Johnson v. Fulton County*, 216 Ga. 498 (2) (117 SE2d 155) (1960) (in declaratory judgment action, trial court erred by denying motion to dismiss "which was based on the ground that every question raised should be presented in" related case); *Consolidated Quarries Corp. v. Davidson*, 79 Ga. App.

248, 251 (53 SE2d 231) (1949) ("[I]t is not the purpose of the [Declaratory Judgment Act] to declare what would be a defense to a possible action for damages, where the declaration would not also serve as a guide for future conduct.").

The parties' rights apropos of Monica Patel's capacity to pursue a derivative action have accrued, and the plaintiffs do not allege facts or circumstances that show such declarations are necessary to relieve them from the risk of taking any future undirected action. So the proposed declarations are simply an impermissible attempt to test their defenses to the derivative action.

For these reasons, the trial court erred by denying Monica Patel's motion to dismiss.

3. *Summary judgment*

Because we hold that the trial court erred by denying the motion to dismiss, we do not reach Monica Patel's argument that the trial court erred by granting the plaintiffs' motion for summary judgment.

*Judgment reversed. Hodges and Pipkin, JJ., concur.*