**Scotty Shirley HANKS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 53–69.**

United States Court of Appeals
Tenth Circuit.

Jan. 21, 1970.

Rehearing Denied March 4, 1970.

Gary M. Bush of Miller, Wilson, Adams & Spencer, Oklahoma City, Okl., for appellant.

Robert J. Roth, U. S. Atty., Dist. of Kansas, Richard E. Oxandale, Asst. U. S. Atty., Dist. of Kansas, on brief, for appellee.

Before HICKEY and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.

EUBANKS, District Judge.

This is an appeal from the District of Kansas where a motion pursuant to 28 U.S.C. § 2255 was denied without a hearing.

Petitioner was convicted in 1967 of violating 18 U.S.C. § 2114 (Post Office robbery) and was sentenced to serve 25 years in prison. A direct appeal was taken after the original trial and the conviction was affirmed at 388 F.2d 171, cert. denied 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131.

The sole issue in the instant appeal is whether appellant was denied effective assistance of counsel during a critical stage of his trial in contravention of his Sixth Amendment rights.

The record reflects that when the original case was first set for trial Hanks failed to appear although he had been told by his privately retained counsel, Mr. Simon, when and where to appear and had also been told that the conditions of his appearance bond prohibited him from leaving the jurisdiction of the Court without permission of the Court. The appearance bond was forfeited and a bench warrant issued for the arrest of Hanks. Subsequently Hanks was apprehended in Illinois and his case was again docketed for trial whereat the Government desired to show evidence of flight and failure to appear at the first trial on the part of Hanks. There is no present doubt that such evidence was proper (see p. 175 of 388 F.2d) but the method and manner used to prove flight, i. e., through defense counsel, is challenged as operating to deprive defendant of his

lawyer while said lawyer was on the witness stand.

To establish flight the prosecution first tendered for introduction the bond forfeiture order but defense counsel objected on the basis that these documents were not primary evidence of flight. The Court sustained this objection but suggested that counsel could possibly stipulate to the point in question. Defense counsel declined to stipulate upon the ground that * * * "in this serious matter, I think counsel ought to not stipulate any of the client's rights away for fear of other post trial motions." At this point the prosecutor called defense counsel, Mr. Simon, to the witness stand and without any objection whatsoever established through him that at approximately 5:00 P.M. on the day immediately preceding the original trial date Hanks, Simon and the prosecutor were present in the prosecutor's office where Hanks was told by Simon that his case was set for trial the next day. Testimony was also elicited from this witness that Hanks had been subsequently arrested in Illinois.

The Government seeks to justify the foregoing procedure by showing that since defense counsel successfully objected to the introduction of documents relative to the nonappearance the evidence could only be produced through the adopted procedure. It also calls to our attention the opinion of the Court of Appeals for the Second Circuit in United States v. Hall, 346 F.2d 875, where an almost identical procedure was held to not constitute reversible error. There assigned defense counsel in a "bail jumping" case was called as a witness by the prosecution to establish that he (defense counsel) had informed the defendant that his (defendant's) personal appearance was required at each calendar call. We quote from page 882 of that opinion:

> Moreover, the mere fact that counsel was called to testify does not without more establish a material interference with his effective conduct of the defense. Given the limited time and nature of his testimony, his reluctance

to stipulate the matter sought to be elicited although such stipulation was solicited by the Government, the absence of any attempt to embarrass him or attack his credibility and the postponement of any objection until after trial, we can find no basis for reversible error on this score. See Cohen v. United States, 297 F.2d 760 (9 Cir.), cert. denied, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962). In United States v. Guerra, 334 F.2d 138, 144–145, 146 n. 4 (2 Cir.), cert. denied 379 U.S. 936, 85 S.Ct. 337, 13 L.Ed.2d 346 (1964), we faced an orthodox situation of denial of the right to counsel— the Government improperly interrogated a defendant after indictment but before counsel had been appointed— but declined to reverse because there was no showing of prejudice. The same principle applies here, a fortiori, where there was minimal harm, if any, from counsel's brief testimony and his momentary withdrawal from the defendant's side to a point a few feet distant from him but nevertheless in his presence.

While we have great respect for the esteemed and erudite Judge Kaufman who wrote the opinion in *Hall,* we have some reservations as to the correctness of the conclusion reached therein. Furthermore, in *Hall* the evidence elicited from defense counsel concerned only routine messages whereas in the case at bar defense counsel was also asked about Hanks' arrest outside the jurisdiction of the court. We can envision the possibility of great mischief in allowing such procedure. It is not only the temporary deprivation of counsel that concerns us but also the whole area of lawyer-client privilege that could be damaged if we give unreserved sanction to such practice.

██ Notwithstanding the foregoing we have no difficulty in affirming the order of the district court in this case. Here the record affirmatively shows that Hanks had two lawyers at his trial. Kenneth K. Simon, a lawyer of the Kansas City, Missouri bar was privately re-

tained. He had with him as co-counsel at Hanks' trial Mr. Fleming of the Johnson County, Kansas bar. Though at this late date Hanks says that Fleming was not co-counsel the record completely disputes him. This being so the accused was not deprived of counsel at any stage of his trial. Furthermore, this Court has consistently held that before one can obtain relief on the ground of ineffective assistance of counsel it must be shown that trial was a farce, or a mockery of justice, or was shocking to conscience of reviewing court. See Criser v. United States, 10 Cir., 319 F.2d 849 and Frand v. United States, 10 Cir., 301 F.2d 102. No such showing is made here.

Affirmed.