THE STATE OF OHIO, APPELLEE, *v.* LIVINGSTON, A. K. A. PIGG, APPELLANT.

(No. 6857—Decided June 14, 1972.)

Mr. *Robert E. Mohler*, prosecuting attorney, and *Mr. James R. McIlvaine*, for appellee.

Mr. *Albert S. Rakas* and *Mr. Carl S. Farinacci*, for appellant.

VICTOR, J. The defendant, Michael L. Livingston (appellant), was indicted for larceny of firearms, R. C. 2907.-20, tried by a jury in the Court of Common Pleas of Summit County, and found guilty. Judgment was entered on the verdict, and he was sentenced to the Ohio State Penitentiary.

From that judgment, he has lodged an appeal in this court claiming that "the trial court erred in permitting appellant's trial counsel to function both as a witness for the prosecution and as defense counsel for the accused, a situation which denied appellant a fair trial in violation of due process of law," and "resulted in a denial of appellant's right to counsel guaranteed to him by the Ohio and United States Constitutions."

On April 10, 1971, one Raymond Bridgeland left his home and was away most of the day. When he returned, he discovered that a shotgun and a rifle owned by him were missing; he reported this to the police.

At trial, a cab driver identified the defendant as the man she had taken to the Bridgeland home, and who entered the house and left carrying two guns. Detective Duane Harris testified concerning how he had located the defendant and learned that the firearms were in the possession of Glen Williams, counsel for defendant. He further testified: "I called Mr. Williams at his home * * * and stated to him that he had a shotgun and a rifle that were given to him by Mr. Livingston, and that they were taken from the house burglary. * * * I told him Mr. Livingston had taken the items." (The record shows that Mr. Williams turned the weapons over to the detectives.)

☞ The state, for its last witness, and without prior notice, called Mr. Williams. He objected to being called, but his objection was overruled. As a state's witness, Mr. Williams identified the rifle and shotgun given to him by Livingston. He testified that these firearms were brought to his home by the defendant and given to him in the presence of two other individuals, in part payment for legal services previously rendered by him for the defendant. (Mr. Williams is a gun collector.)

At the conclusion of his testimony, Mr. Williams was asked by the Court: "Do you want to cross-examine yourself, Mr. Williams?" He responded: "The only thing I can say would be if I were asked if there was anybody else with Mr. Livingston * * * I would have to answer there were two other gentlemen with him * * *."

The prosecuting attorney continued:

"Q. You did receive a call from Detective Harris with regard to these [the rifle and shotgun]?

"A. Yes.

"Q. Is that the first indication that you had that they were stolen?

"A. Yes. At the time they were delivered to me it was my understanding that they were Mr. Livingston's, and I had understood by previous conversation with him that he did own guns."

The state, by other evidence, introduced proof of the theft and carrying away of the property without the consent of Bridgeland. The state, by the testimony of Williams, offered evidence of another essential element of the case; namely, that Livingston intended to make the firearms his own and permanently deprive Bridgeland of their use.

Was the defendant, under these circumstances, denied a fair trial and the right to counsel?

Absent privilege (R. C. 2317.02) "No person is disqualified as a witness in a criminal prosecution by reason of his interest in the event thereof as a party *or otherwise,* * * *." (Emphasis ours.) R. C. 2945.42.

Pursuant to R. C. 2945.42, Mr. Williams would be com-

petent to testify either for or against his client. However, appellant asserts: "the competency of an attorney to testify in this situation is not the real issue. The real error in this situation is allowing an attorney to simultaneously function as both a prosecution witness and as counsel for the accused, a dual role which is inherently prejudicial to the accused and a denial of fundamental fairness."

The adversary system of justice is predicated upon the proposition that justice will most surely prevail when adversaries are pitted one against the other. Under that system, it is the sworn duty of defense counsel to use all honorable and legal means to defend a client charged with a crime. It is inconceivable that a lawyer, seeking to convince a jury of the innocence of his client, or that the accused has not been proven guilty, can perform that high duty when he assumes the dual role of defense counsel and witness for the prosecution. Such a procedure sullies the entire legal profession. More particularly, it is manifestly unfair to the honorable trial counsel in this case, who was forced, against his will, to testify against the very client he was sworn to defend; his credibility as a lawyer immediately becomes suspect in the eyes of the jury. Above all, it was unfair to the defendant, who was convicted with the help of his own lawyer's testimony.

In *State* v. *Ross*, 92 Ohio App. 29, at 34, Judge Doyle, speaking for this court, said:

"It is a substantial right of the defendant to a fair trial. This right is not the abstract question of guilt or innocence. A guilty man is entitled to a trial, free from prejudicial error. * * *"

We believe, and so hold, that, under the circumstances herein, the fact that defendant's counsel was called as a witness for the state taints this entire trial so that the defendant was denied the fair trial to which he is entitled.

The Ohio Constitution, in Section 10 of Article I, provides, in pertinent part: "in any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel." This means that the accused is entitled to representation and to be able to privately con-

sult with his counsel throughout the entire trial, sixty minutes an hour.

As pointed out in *People* v. *Lathrom*, 192 Cal. App. 2d 216, 13 Cal. Rptr. 325, 88 A. L. R. 2d 785, an accused does not have effective representation, when his counsel is on the witness stand for the prosecution, for the following reasons: (1) It would be impossible for the accused to consult with counsel during that time; (2) the accused would not be able to call attention to any inaccuracy in the testimony of his lawyer or suggest proper questions for cross-examination; (3) it would not be possible for the lawyer, as a witness, to determine what objections should be made to questions propounded to him; (4) it would be difficult to ponder what questions he should ask himself on cross-examination; (5) the difficulty in answering questions so as not to antagonize the jury and yet maintain a favorable impression for the accused.

In our judgment, such a procedure denies to the accused, while on trial, his constitutional right to effective representation by counsel of his choice.

The judgment is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

BRENNEMAN, J., and HUNSICKER, J. (retired and assigned to active duty under authority of Section 6 (C), Article IV, Constitution), concur.