Affirmed and Memorandum Opinion filed August 04, 2009








Affirmed and Memorandum Opinion filed August 04, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00413-CR

_______________

 

SOLOMON GUIFFRE GARRETT, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1504964 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant,
Solomon Guiffre Garrett, was convicted of the misdemeanor offense of assault
and sentenced to 180 days= confinement.  On appeal, he presents three related issues
for our review, all of which arise from his claim that the prosecution and the
trial court took actions precluding him from presenting trial testimony
critical to his defense.  Finding no reversible error in the issues presented,
we affirm.

 








Background

On
September 23, 2007, police officers responded to a call from one of appellant=s neighbors reporting that appellant
had allegedly assaulted the complainant.  When police arrived at the neighbor=s home, they found the complainant
with a large bruise on her face.  The complainant told police that appellant
had struck her face with a closed fist, which was corroborated by the
complainant=s injuries.  Appellant was arrested and charged with assault, to which he
pleaded Anot guilty.@  

Before
the scheduled trial date, the complainant apparently met with Assistant
District Attorney Larissa Lorenz requesting that the charges be dropped.  She
reportedly insisted that, notwithstanding her earlier statements to police and
prosecutors,  appellant did not, in fact, assault her.  Lorenz informed the
complainant that, if her earlier reports to officials were indeed false, she
could be subject to prosecution. 

The
complainant did not appear at trial, and neither party attempted to compel her
attendance.[1]  Appellant=s neighbor testified that the
complainant was afraid to appear at trial because appellant assaulted her and
she could not testify otherwise, as he was pressuring her to do.  

Appellant
attempted to call Lorenz to the stand to show that Lorenz had threatened the
complainant with prosecution to influence her not to testify.  The trial court
refused appellant=s request, and counsel made a bill of exception. 








The jury
found appellant guilty of assault, and the court sentenced him to 180 days= confinement.  Appellant timely filed
a motion for new trial, which was ultimately overruled by operation of law. 
Appellant now appeals in three issues, all of which deal with Lorenz=s alleged threats to the complainant.

Analysis 

A.        Right to Compulsory Process

In his first issue, appellant argues
his Sixth Amendment right to compulsory process was violated because the
complainant did not appear at trial to testify, allegedly because of the threat
of criminal prosecution.  The Sixth Amendment provides that A[i]n all criminal
prosecutions, the accused shall enjoy the right . . . to have compulsory
process for obtaining witnesses in his favor.@  U.S. Const. amend. VI.  Although this
constitutional right is fundamental, compulsory process is not an absolute
right and may be waived by a defendant=s failure to
attempt to exercise it.  See Whitmore v. State, 570 S.W.2d 889,
897 (Tex. Crim. App. 1976) (citing Washington v. Texas, 388 U.S. 14, 19
(1967)); Pinkston v. State, 744 S.W.2d 329, 335 (Tex. App.CHouston [1st
Dist.] 1988, no pet.).  Here,  appellant failed to preserve his complaint
related to the supposed denial of his compulsory-process rights.     

For a party to preserve a complaint
for appellate review, the record must reflect that the complaining party made a
timely, specific request, objection, or motion to the trial court.  Tex. R.
App. P. 33.1(a).  This rule ensures that trial courts have the opportunity to
correct mistakes at the time they are alleged to have been made.  Hull v.
State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002).  Here, however, appellant
only generally complained of a violation of his Adue process@ rights.  He did not object that the
complainant=s absence deprived him of his rights to compulsory process.  Thus,
because his argument on appeal does not comport with the objection made at
trial, appellant did not preserve this issue for our review.  See Barnes v.
State, 876 S.W.2d 316, 325 (Tex. Crim. App. 1994). 








Furthermore, even had appellant
properly preserved this issue for our review, a defendant typically cannot
complain that he was deprived of a constitutional right, such as compulsory
process of witnesses, which he did not attempt to exercise.   Drew v. State,
743 S.W.2d 207, 225 (Tex. Crim. App. 1987).  The law provides numerous vehicles
for a party to secure the attendance of a witness, including attachments, bench
warrants, and subpoenas.  See id.  Here, the record does not reflect
that appellant availed himself of any of these remedies to compel the
complainant to appear.  See id.  In fact, appellant
did not even attempt to call the complainant as a witness.  Thus, we conclude appellant waived
any complaint by failing to pursue any of the options available to him to
exercise that right.  See Pinkston, 744 S.W.2d at 335. 

B.      Assistant District Attorney=s Testimony

In his second
issue, appellant argues the trial court erred by not allowing appellant to call
Assistant District Attorney Lorenz, the opposing counsel, as a witness to
testify as to the reasons surrounding the complainant=s absence at
trial.  We review a trial court=s decision to exclude evidence under an abuse of discretion standard.  Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  A trial court abuses its discretion if its decision
lies outside the zone of reasonable disagreement.  See Cameron v. State,
241 S.W.3d 15, 19 (Tex. Crim. App. 2007).








With very few
exceptions, Texas law does not permit parties to call their opposing counsel to
testify as a witness.  In
fact, the Court of Criminal Appeals has held that a trial court commits error
by ordering opposing counsel to testify unless it first determines, outside the
presence of the jury, that there a compelling need for counsel=s testimony.  Flores v. State,
155 S.W.3d 144, 148 (Tex. Crim. App. 2004).[2] 
Under the compelling-need test, it must be shown that (1) there is no feasible
alternative for obtaining and presenting the information to the jury except
through opposing counsel=s testimony, and (2) the testimony is essential, not merely
relevant, to the case.  Id.  

Applying the test, we conclude that
appellant failed to demonstrate a compelling need for Lorenz=s testimony.  Even if he could meet the
second prong by establishing that Lorenz=s testimony was essential to his
defense, he failed to satisfy the first prong because he did not show the
absence of a feasible alternative to Lorenz=s testimony.  Certainly, the
complainant could have testified to the same facts that appellant sought to
elicit from Lorenz.  And, as previously noted, appellant made no attempt to
compel the complainant=s testimony.  Therefore, the trial court did not abuse its
discretion by excluding the prosecutor=s testimony.  See id. at 149.
Appellant=s second issue is overruled. 

C.        Motion
for New Trial

Finally, in his third issue,
appellant argues that the trial court erred in denying his motion for new trial
because a material defense witness, the complainant, was allegedly kept away
from court by threats of prosecution.  Under Texas Rule of Appellate Procedure
21.3(e), a motion for new trial must be granted if Aa material defense witness has been
kept from court by force, threats, or fraud.@  Tex. R. App. P. 21.3(e).  The denial of a
motion for new trial lies within the discretion of the trial court.  See
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).  When reviewing a
trial court=s denial of a motion for new trial, we may not
substitute our judgment for that of the trial court.  See id.  Rather,
we must decide whether the trial court=s decision was
arbitrary or unreasonable.  See id.  








The State responds that the record
does not show that the complainant was kept from court by threats.[3] 
To prove a violation of Rule 21.3(a), a defendant must show the acts
constituting force, threats, or fraud that prevented the missing witness from
appearing in court.  See Rodriguez v. State, 21 S.W.3d 562, 567 (Tex.
App.CHouston [14th Dist.] 2000, pet. ref=d).  Although it is obviously
improper to threaten or intimidate a witness into refusing to testify, a
prosecuting attorney may admonish prospective witnesses of the penalties for
testifying falsely as long as the admonitions constitute no more than a
cautious and judicious warning.  See Maya v. State, 932 S.W.2d 633,
638 (Tex. App.CHouston [14th Dist.] 1996, no pet.); Davis v. State,
831 S.W.2d 426, 438 (Tex. App.CAustin 1992, pet. ref=d).   

The
affidavits considered by the trial court in denying the motion for new trial
clearly demonstrate that the complainant was informed she could face criminal
prosecution if her  testimony indicated that she had originally made false
statements to the police.[4]  However, the
available evidence does not indicate that Lorenz acted improperly or otherwise
issued more than Aa cautious and judicious warning.@  See Davis, 831 S.W.2d at
438.  There is no
evidence in the record, such as an affidavit or testimony from the complainant,
establishing that she was actually kept from court by threats of prosecution. 
And, as noted several times previously, the complainant was never actually
subpoenaed or otherwise called as a witness.

Absent
proof that the complainant was kept from court by improper force, threats, or
fraud, appellant failed to establish entitlement to relief under rule 21.3(e). 
See Tex. R. App. P. 21.3(e).  Therefore, we cannot conclude that the
trial court=s decision to deny appellant=s request for a new trial was
arbitrary or unreasonable.  Appellant=s third issue is overruled. 

 

 








Conclusion

Accordingly, because we find no merit
in the issues presented, the judgment of the trial court is affirmed.

 

 

__

/s/        Kent C. Sullivan

Justice

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]           Domestic violence raises extraordinarily complex issues
relative to law enforcement and human relations.  Research suggests that
victims of domestic violence
disproportionately may withdraw their accusations or refuse to cooperate with
prosecutors.  See, e.g., Thomas L. Kirsch II, Problems in Domestic
Violence: Should Victims be Forced to Participate in the Prosecution of Their
Abusers?, 7 Wm. & Mary J. Women
& L. 383, 392 (2001); Tom Lininger, Evidentiary
Issues in Federal Prosecution of Violence Against Women, 36 Ind. L.Rev. 687, 709 n.68 (2003). 
Thus, prosecutors often try domestic violence
cases without the complainant=s testimony.  See Davis v. State, 169
S.W.3d 660, 671 (Tex. App.CAustin 2005), aff=d, 203 S.W.3d 845 (Tex. Crim. App. 2006). 





[2]           Flores involved the State=s attempt to call defense counsel as a fact witness.  Id. 
However, in support of its decision to adopt the compelling-need test, the
Court cited two cases addressing requests that the prosecutor be
required to testify.  See id. (citing United States v. Prantil,
764 F.2d 548, 551B54 (9th Cir. 1985); Ullmann v. State, 647 A.2d
324, 333B37 (Conn. 1994)).  Thus, the rule applies with equal
force to a defendant=s request to cross-examine a prosecutor.  See id.





[3]           The State also contends that this issue was
not preserved for appellate review because appellant did not obtain an adverse
ruling.  We disagree.  A motion for new trial that is not timely ruled-upon by
written order will be deemed denied by operation of law.  See Tex. R.
App. P. 21.8;
Belcher v. State,
93 S.W.3d 593, 595 (Tex. App.CHouston [14th Dist.] 2002, pet. dism=d).  In this case,
the trial judge orally denied appellant=s
motion for new trial at the hearing, but he did not sign a written order
denying the motion.  Thus, it was denied by operation of law.  See Tex.
R. App. P. 21.8.   However, denial of the motion by operation of law does not
preclude us from reviewing  the evidence presented at the hearing.  See
Jaenicke v. State, 109 S.W.3d 793, 797 n.4 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d). 





[4]           For example, section 37.08 of the Penal
Code provides that A[a] person commits an offense if, with intent to
deceive, he knowingly makes a false statement [to a peace officer] that is
material to a criminal investigation.@ 
Tex. Penal Code Ann. ' 37.08 (Vernon 2003).