**Opinion issued June 5, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00488-CR

————————————

**STEVE SALINAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 22-DCR-101215**

---

## MEMORANDUM OPINION

A jury convicted appellant, Steve Salinas, of aggravated sexual assault of a child. *See* TEX. PENAL CODE § 22.021. The trial court assessed appellant's punishment at 15 years' confinement. On appeal, appellant argues the trial court abused its discretion by sustaining the State's relevancy objection and preventing

appellant from cross examining the complainant's mother about her experience as a victim of childhood sexual abuse and how it might have affected her perception of the sexual assault allegations in this case. *See* TEX. R. EVID. 401. We affirm.

## Background

Appellant was charged by indictment with aggravated sexual assault of a child, hereinafter known as "Jade Doe" (pseudonym).[1] The indictment alleged that appellant "intentionally and knowingly cause[d] contact of the anus of Jade Doe (pseudonym), a child who was then and there younger than 14 years of age, by [his] sexual organ." *See* TEX. PENAL CODE § 22.021(a)(1)(B)(iv), 2(B). Appellant pleaded not guilty, and the case was presented to a jury.

Sarah Torres, Jade Doe's mother, was the first witness to testify at trial. Torres was around 12 years old when appellant began dating her mother. Torres' mother and appellant had a child of their own when Torres was 14 years old, and were living together as of June 2019. Torres' four children, who were ages 8 to 13 at the time of trial, considered appellant their grandfather, as he was around all their lives. Torres' mother and appellant would babysit Jade Doe and her siblings. At times, Jade Doe and her siblings would stay overnight at the house where Torres' mother and appellant lived and Torres would retrieve them in the morning.

---

[1] We use a pseudonym to refer to the minor complainant. *See* TEX. R. APP. P. 9.10(a)(3).

On one such morning in June 2019, Torres arrived at her mother's house to pick up her children just before 6:00 a.m., but after her mother had already left for work. She went to the main bedroom, where she found all her children sleeping except Jade Doe, who was then 7 years old. Upon entering the home's living/dining area, Torres found Jade Doe on the couch with her pants pulled down and appellant on top of her. Torres testified that "[w]ith one hand [appellant] was holding his penis and with his other hand he was spreading [Jade Doe] open." The tip of appellant's penis was "between [Jade Doe's] butt." Torres screamed, after which appellant got off of Jade Doe, pulled up his boxers, and sat in a chair. Torres spoke with her daughter, confronted appellant, and locked her four children inside a bathroom. Once appellant had left the house, Torres called her mother to ask her to return home from work and, after her mother returned home, Torres called the police.

At trial, during cross-examination, the defense attempted to question Torres regarding sexual abuse she had experienced at the age of 7. The trial court allowed the defense to voir dire Torres, outside of the presence of the jury, regarding whether Torres may have experienced a flashback of her trauma as a victim of childhood abuse and hallucinated the events of the night in question. The defense claimed such evidence was relevant to Torres' credibility, asserting that Torres' trauma affected how she perceived the events. During voir dire, Torres testified that she was sexually abused as a child, however, it was not in the same home where Torres found

3

appellant assaulting Jade Doe. Torres testified that she had not hallucinated, seen things, or had flashbacks because of the abuse she suffered as a child. Defense counsel asked Torres whether "being abused as a child . . . had any effect on what [she] saw the Defendant doing to [her] daughter that night." Torres responded, "[n]o, because I would have tried to prevent it." Following this direct and cross-examination, the trial court ruled that the abuse Torres suffered as a child was not relevant to the allegations against appellant.

The jury heard testimony from other witnesses, including Jade Doe and Elizabeth Williams, a certified sexual assault nurse examiner (SANE) who examined Jade Doe later in the day on which Jade Doe was assaulted. Williams read from her notes from her discussion with Jade Doe regarding the assault:

> Patient states, [appellant] touched me on my private parts. Patient lifts buttocks off exam table and points to butt. This morning we were at his house. I was sleeping and I woke up. That's when it all happened. I was sleeping and I woke up a little bit. He carried me to the couch. He had took off my pants. Patient points to jeans. He turned me over and it hurt. In my butt.

Jade Doe's trial testimony regarding the assault was consistent with her account to Williams, though in her testimony she did not mention the pain. The jury also heard testimony that semen was detected on the couch that was found to be consistent with appellant's DNA.

4

After closing arguments, the jury deliberated and found appellant guilty of aggravated sexual assault of a child, as charged in the indictment, and sentenced him to 15 years' confinement. This appeal followed.

## The Trial Court's Exclusion of Evidence

Appellant claims that the trial court abused its discretion by refusing appellant's request to cross-examine Jade Doe's mother, Torres, regarding her experience of childhood sexual abuse and its alleged effect on her perception of the event she witnessed.

### A.    Standard of Review

We review a trial court's decision to exclude evidence for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *State v. Nunez*, 704 S.W.3d 598, 617 (Tex. App.—Houston [1st Dist.] 2024, pet. ref'd) (mem. op.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *Gonzalez v. State*, 616 S.W.3d 585, 594 (Tex. Crim. App. 2020) (citing *Rhomer*, 569 S.W.3d at 669). We will uphold an evidentiary ruling unless it falls outside the "zone of reasonable disagreement." *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). If the ruling falls within the zone of reasonable disagreement, then the trial court did not abuse its discretion and the ruling will be upheld. *De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009).

**B.** **Applicable Law**

Irrelevant evidence is not admissible. TEX. R. EVID. 402; *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). Evidence is relevant if it has any tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence. *Watkins v. State*, 619 S.W.3d 265, 277 & n.40 (Tex. Crim. App. 2021) (citing TEX. R. EVID. 401). "A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions." *Potier v. State*, 68 S.W.3d 657, 659 (Tex. Crim. App. 2002) (quoting *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (citations and footnote omitted)).

Any party may attack a witness's credibility. TEX. R. EVID. 607. The credibility of a witness may be attacked "by testimony about the witness's reputation for having a character of truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." TEX. R. EVID. 608(a).

**C.** **Analysis**

**1.** **Alleged relevance to witness' perception of event**

Appellant argues on appeal that the trial court abused its discretion when it did not permit him to cross-examine Torres regarding her past trauma and how it may have altered her perception of the events on the night in question. Specifically, he complains that the trial court's ruling prevented him from "exploring the

possibility that [Torres'] past sexual abuse, that occurred when she was the same age as Jade [Doe], caused a flashback and clouded [Torres'] perception." That argument is consistent with appellant's argument at trial that his proposed questioning "has to do with credibility, whether or not her own traumatic incident at the same age of seven years old was perhaps a flashback to that particular incident, June of 2019" or, "[i]n other words, if this incident in June of 2019 could have been a flashback from her own trauma."

Appellant sought to elicit testimony from Torres regarding whether she may have experienced a flashback to the abuse she experienced at the age of 7—the same age that Jade Doe was in June 2019—that clouded Torres' perception of what she witnessed in June 2019. However, the trial court permitted appellant to voir dire Torres on the subject, and Torres denied any such flashback. Torres testified on voir dire that the abuse she suffered as a child did not occur in the same home where Torres found appellant assaulting Jade Doe. She testified further that she had never hallucinated, seen things, or had flashbacks because of the abuse she suffered as a child. And when asked if the abuse she suffered as a child had "any effect on what [she] saw the Defendant doing to [her] daughter that night," Torres responded that it had not.

Appellant thus failed to show the relevance of the excluded evidence to the merits of the case. *See Crenshaw v. State*, 125 S.W.3d 651, 654 (Tex. App.—

7

Houston [1st Dist.] 2003, pet. ref'd) ("While great latitude should be allowed in cross-examining witnesses to reveal possible bias, prejudice, or self-interested motives to falsify testimony, appellant bears the burden of demonstrating the relevance of the proffered evidence to the issue of bias or prejudice."). "[T]here is an important distinction between an attack on the general credibility of a witness and a more particular attack on credibility that reveals 'possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand.'" *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009) (quoting *Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 39 L.Ed.2d 347 (1974)). A defendant thus does not maintain the "absolute constitutional right to impeach the general credibility of a witness in any fashion that he chooses." *Id*. For example, courts generally prohibit a party from using extrinsic evidence to impeach a witness on a collateral issue. *Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009). An issue is collateral if, beyond its impeachment value, a party would not be entitled to prove it as a part of his case tending to establish his plea. *Id.*

The State was required to prove beyond a reasonable doubt that Salinas committed aggravated sexual assault of a child as charged in the indictment. Evidence that Torres had been assaulted by someone other than appellant did not make it more or less likely that appellant assaulted Jade Doe. Testimony regarding Torres' past trauma of childhood sexual abuse was not germane to the case and could

have misled the jury. *See Hayden*, 296 S.W.3d at 554 (holding that, unless witness's testimony created false impression directly related to charged offense, permitting impeachment of witness based on collateral issue wastes time and confuses issues); *Flores v. State*, 155 S.W.3d 144, 149 n.17 (Tex. Crim. App. 2004) (noting general rule that party is not entitled to impeach witness on collateral matter unless witness has left a false impression concerning a matter relating to his or her credibility); *Alfred v. State*, No. 01-18-00222-CR, 2019 WL 2588102, at *3 (Tex. App.— Houston [1st Dist.] June 25, 2019, no pet.) (mem. op.) (holding that, unless witness has voluntarily testified to a collateral matter resulting in false impression directly relevant to offense charged—which exception is interpreted narrowly—permitting impeachment on collateral issue wastes time and confuses issues).

### 2. Alleged relevance to witness's bias

Appellant also suggests at points in his brief on appeal that the excluded evidence should have been admitted to show Torres' bias or animus. Appellant did not make that argument in the trial court. Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that, as a prerequisite to presenting a complaint for appellate review, the appellate record must show that the complaint was made to the trial court by a timely request, objection, or motion stating the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1); *see Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)

9

("To avoid forfeiting a complaint on appeal, the party must let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." (internal quotations omitted)).

### 3. Harmless error

We need not decide whether appellant waived his argument that the excluded evidence should have been admitted to show Torres' bias or animus because, even if the trial court abused its discretion in excluding the evidence, the error was harmless. Appellant argues that exposing a witness's motivation to testify against a defendant is an important function of the constitutionally protected right of cross-examination, citing *Miller v. State*, 741 S.W.2d 382, 389 (Tex. Crim. App. 1987). Appellant argues further that this Court thus cannot find the exclusion of the evidence at issue harmless unless it was harmless beyond a reasonable doubt. *See* Tex. R. App. P. 44.2(a) ("If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.").

We conclude beyond a reasonable doubt that the trial court's exclusion of the evidence at issue here did not contribute to appellant's conviction or punishment.

When a trial court unconstitutionally restricts cross-examination, the reviewing court first assumes that "the damaging potential of the cross-examination" was fully realized. *Finley v. State*, 707 S.W.3d 320, 335 (Tex. Crim. App. 2024). The reviewing court must then consider (1) the importance of the witness's testimony in the prosecution's case, (2) whether the testimony was cumulative, (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, (4) the extent of cross-examination otherwise permitted, and (5) the overall strength of the prosecution's case. *Id.*

Here, Torres testified as an eye witness to appellant's assault on Jade Doe, and her testimony was cumulative of Jade Doe's own trial testimony regarding the assault. *Jeansonne v. State*, 624 S.W.3d 78, 92 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (holding that complainant's testimony, standing alone, is sufficient evidence to support conviction for aggravated sexual assault of child (citing TEX. CODE CRIM. PROC. ANN. art. 38.07)). Jade Doe's trial testimony regarding the assault was consistent with the account of the incident that she provided to the SANE later in the day on which Jade Doe was assaulted, which account was also presented to the jury. The jury also heard testimony that semen was detected on the couch that was found to be consistent with appellant's DNA. Thus, even if appellant had been permitted to impeach Torres' testimony regarding appellant's assault on Jade Doe,

11

we conclude beyond a reasonable doubt that appellant would still have been convicted and received at least as severe a sentence based on the remaining evidence.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Amparo "Amy" Guerra
Justice

Panel Consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX R. APP. P. 47.2(b).

12